IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CHAD R. WOFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-021 |
| | ) | |
| WARDEN NATHAN BROOKS; DEPUTY WARDEN BEASLEY; DEPUTY WARDEN McCLOUD; DEPUTY WARDEN KEITH; CAPTAIN THOMAS; DEPUTY SPIRES; NURSE MURRY; MRS. FISH; DEPUTY WARDEN WICKER; LIEUTENANT SYATHS; MRS. WILCOX; MRS. RICKS; MRS. STEWART; MRS. CLARK; TELFAIR STATE PRISON; OFFICER D. SMITH; MAIL SUPERVISOR UNKNOWN; MR. LYNN; and MRS. WHITT, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, was one of three prisoners who attempted to join in bringing one lawsuit against the above-named Defendants. See Coleman v. Brooks, CV 320-014 (S.D. Ga. Feb. 10, 2020). United States District Judge Dudley H. Bowen, Jr., dismissed that improperly filed lawsuit without prejudice and directed the Clerk of Court to file three separate lawsuits and directed Plaintiff Wofford must submit

---

[1] The Court **DIRECTS** the **CLERK** to update the title for Defendant Syaths and add Defendants Lynn and Whitt on the docket in accordance with the caption of this Report and Recommendation, which is consistent with the complaint. (See doc. no. 1, pp. 2, 5, 7, 11.)

his own motion to proceed *in forma pauperis* ("IFP") within fourteen days of the Clerk opening a new lawsuit in his name. Id., doc. no. 6. Although a new case was opened on March 19, 2020, pursuant to the order entered in CV 320-014, according to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed IFP. The time to respond has passed, and Plaintiff has not submitted an IFP motion or otherwise paid the filing fee. Nor has he provided the Court with any explanation why he has not complied with Judge Bowen's Order and the requirements of Local Rule 4.1.

**I.  DISCUSSION**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally

appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an IFP motion, pay the filing fee, or even to provide the Court with an explanation for his failure to comply with Judge Bowen's Order amounts not only to a failure to prosecute and a violation of Local Rule 4.1, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff initially tried to proceed IFP in CV 320-014 and never submitted a filing fee in this case, the Court finds that the imposition of monetary sanctions is not a feasible sanction. In sum, the time to respond has passed, and Plaintiff has not paid the filing fee or submitted an IFP motion as required by Judge Bowen's Order. Therefore, Plaintiff's case should be dismissed.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of April, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA